IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-30750
Summary Calendar
_____


UNITED STATES OF AMERICA

                              Plaintiff-Appellee,

        versus

EMMET N. BARTHOLOMEW

                              Defendant-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(94-CA-3729 (84-CR-95))
_____
September 21, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Proceeding <u>pro se</u> and <u>in forma pauperis</u>, Emmet N.

Bartholomew, an inmate in federal prison, filed a motion pursuant

to 28 U.S.C. § 35(a), seeking to vacate his sentence as illegal

under Rule 11 of the Federal Rules of Criminal Procedure.  The

district court treated his motion as one filed under 28 U.S.C. §

_____

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

35(b) and dismissed it as untimely. Because we agree that the claim lacks merit and must be dismissed, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The procedural history of this case consists of a decade-long series of nearly identical challenges waged by a federal inmate who pled guilty to felony charges of aggravated armed bank robbery. Specifically, the inmate repeatedly contested the sentence imposed by the district judge, which was comprised of a lengthy term of imprisonment, accompanied by the sentencing court's strong recommendation against parole.

On March 8, 1984, a federal grand jury issued a two-count indictment against Appellant Emmet N. Bartholomew, as well as two co-defendants, charging them with conspiracy to commit, and commission of bank robbery and incidental crimes in violation of 18 U.S.C. §§ 371, 2113(a)(e) and 2. As alleged in the indictment, Bartholomew conspired and carried out a bank robbery scheme during which a bank officer was kidnapped, slashed with a knife in the throat and chest multiple times, and abandoned to bleed to death in the trunk of a parked car. Although Bartholomew was not the individual directly responsible for the slashing of the victim, he admitted being the instigator of the robbery, and did take part in the robbery scheme as a whole.

On April 30, 1984, Bartholomew pled guilty to the entire indictment pursuant to a plea agreement. In exchange for his plea of guilty to the federal charges, the local Louisiana District Attorney's Office agreed not to pursue any state charges

2

related to the bank robbery, abduction and bodily harm suffered by the victim officer, and the United States Attorney's Office agreed not to charge him with the attempted murder of the victim. The plea agreement explicitly exposed Bartholomew to a maximum punishment of five years incarceration and a $10,000 fine for Count I, and a potential life sentence for Count II. The agreement stated that Bartholomew "understands that he has not been promised anything with regard to the sentence he may receive."

On June 20, 1984, the district court sentenced Bartholomew to a five-year term of imprisonment for conspiracy and a concurrent 30-year term for the bank robbery and kidnapping offense, and also ordered Bartholomew to pay $8000 in restitution to the victim.[1] The district court stated on the Judgment and Commitment Order that it recommended "NO PAROLE" and that "[t]his is a categoric and unchangeable Order."

Bartholomew appealed this Judgment, arguing, first, that the district court's "Commitment Recommendation" was an ultra vires, illegal order, and, second, that a district court in general lacks authority to recommend against parole. We rejected both of Bartholomew's arguments, holding that the district court's recommendation was in fact only a recommendation, and that a district court manifestly has the authority to recommend against

---

[1] All three of the co-defendants pled guilty to the charges. One of the co-defendants received a 25-year sentence on Count II; the other co-defendant was sentenced to life imprisonment.

3

a defendant's parole.  United States v. Bartholomew, No. 84-3464 (5th Cir. Jan. 14, 1985), cert. den., 471 U.S. 1081 (1985).

Thereafter, Bartholomew filed a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b). In this motion, Bartholomew argued that his sentence should be reduced from 30 years to 20 to 25 years and that the recommendation against parole should be withdrawn on the grounds that justice and equity would be best served if he were not compelled to spend the entirety of his productive years in prison.  After hearing oral argument on Bartholomew's Rule 35 motion, the district court denied it on January 9, 1986. Bartholomew did not appeal this denial.

Then, on March 26, 1986, Bartholomew filed pro se a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255.  In that motion Bartholomew argued, inter alia, that his sentence should be vacated and all charges dismissed because he had been prosecuted and convicted in violation of the Due Process and Equal Protection Clauses of the United States Constitution.  After conferring with his court-appointed attorney as well as with the Assistant United States Attorney, and discussing the matter both on and off the record before a United States Magistrate Judge, Bartholomew agreed to the dismissal of the motion with prejudice.  The stipulation of dismissal did provide, however, that Bartholomew could refile a future motion under § 2255, as long as such motion were based upon the limited grounds of erroneous or incomplete pre-sentence information or

4

upon the existence of additional information unknown to the court at the time of sentencing, or both.

Thereafter, on August 11, 1986, Bartholomew filed a second § 2255 motion. In this motion, Bartholomew alleged that his sentence should be vacated for four reasons. First, he contended, he was under the influence of mind-altering drugs at the time of the sentencing hearing and was therefore unable to effectively assist his attorney. Second, Bartholomew argued that he was sentenced in a manner that discriminated against him on the basis of his sex. Third, he argued that the district court failed to comply with Rule 32(c)(3)(d) of the Criminal Rules of Procedure at his sentencing. Fourth, Bartholomew contended, the district court sentenced him on the basis of misinformation.

In denying Bartholomew's motion, the district court noted that Bartholomew offered no explanation for why he had not raised these issues either on direct appeal of his sentence or in his subsequent collateral attacks, or, for that matter, why Bartholomew had failed to appeal the denial of his Rule 35(b) motion. On those procedural grounds alone, the court admonished, it could rightfully dismiss Bartholomew's action. Nevertheless, in a lengthy and comprehensive opinion, the court addressed Bartholomew's arguments on the merits, a decision it made in order to "bring th[e] matter to a final conclusion." Bartholomew v. United States, Civil Action No. 86-3480, (E.D. La. March 10, 1987).

Quoting extensively from the transcript of Bartholomew's Boykin[2] hearing and rearraignment on April 30, 1984, the trial court reminded Bartholomew that all non-jurisdictional errors, inaccuracies and defects which led to the complaint or the indictment were cured when he pled guilty to the crime as alleged in the indictment.  Further, the district court noted that it had been aware of Bartholomew's contentions regarding his culpability at the time of sentencing, because Bartholomew had submitted to the Probation Office a statement of his version of the factual basis of the offense, and that statement had been incorporated verbatim in the Presentence Report.  Quoting from the transcript of the sentencing hearing, the court also noted that there had been at the time of sentencing, and there still was, absolutely no basis for concluding that Bartholomew was not competent to enter a guilty plea to the offense.  The district court held that there had been no violation of the court's obligation to make factual findings regarding alleged inaccuracies in the presentence report because no factual errors were alleged either at the time of sentencing or on direct appeal.  Finally, the court concluded that, even if any of Bartholomew's arguments were accepted as correct on their face, Bartholomew still had not shown that he suffered any prejudice due to the errors.  In sum, the district court concluded that there were more than sufficient factual and legal grounds for Bartholomew's sentence as it had been originally imposed.  Even though Bartholomew's role in the

---

[2]    Boykin v. Alabama, 395 U.S. 238 (1969).

6

slashing of the victim bank officer was that of a passive, rather than active, participant, the law still held him equally culpable as an accomplice, and, in Bartholomew's personal situation, it was particularly unsettling that he had failed to intervene on behalf of the victim, who had been his co-worker and friend.

Despite the district court's lengthy treatment of the substantive and procedural bars to Bartholomew's second § 2255 motion, Bartholomew again appealed to this Court, and, after losing that appeal, he unsuccessfully sought a panel rehearing and rehearing en banc. United States v. Bartholomew, No. 87-3191 (5th Cir. May 24, 1988) (per curiam).

Thereafter, on February 28, 1989, Bartholomew submitted to the district court a letter, which the court treated as a motion for reconsideration of the "no parole" recommendation. On its own motion, the court set a hearing to reconsider its recommendation. At the August 23, 1989 hearing, at which Bartholomew's parents and sister, as well as the victim of the crime, were present, the district court stated that it still subscribed to its initial recommendation against parole. The court also emphasized on the record that its statement was merely a recommendation and was not binding on the Parole Board.

On August 16, 1989, Bartholomew filed a motion to modify imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Because that statutory provision applies only to crimes committed after November 1, 1987, the district court denied Bartholomew's motion, and Bartholomew did not appeal the denial.

7

On April 2, 1992, Bartholomew filed a third § 2255 motion. In that motion, Bartholomew reiterated his argument that newly discovered evidence, such as evidence of alleged perjury by a government witness, justified a reduction in his sentence. Bartholomew also asked the district court to hold a hearing and to make a finding regarding his "culpability and criminal intent" in the offense. Finally, Bartholomew suggested that the court, rather than the Parole Board, was better qualified to determine Bartholomew's fitness for release. The district court dismissed Bartholomew's motion with prejudice because he had not demonstrated cause for failing to previously raise the claim, in violation of Rule 9(b) of the Rules Governing Section 2255 Actions. Upon his appeal to this Court, we denied Bartholomew's motion to proceed in forma pauperis on the grounds that he failed to present a nonfrivolous argument on appeal.[3]

On January 25, 1994, a panel of the Parole Commission held a hearing to determine Bartholomew's suitability for parole. In a four-page memorandum, the panel reviewed and evaluated the information regarding Bartholomew's offense, including documents presented by Bartholomew's attorney and statements made by Bartholomew's mother at the January, 1994 hearing. The Parole Commission explicitly acknowledged that it was aware of Bartholomew's version of the facts surrounding the bank robbery,

---

[3] The record also suggests that, on March 26, 1993, Bartholomew filed a "petition to amend pre-sentence report" pursuant to Rule 32 of the Federal Rules of Civil Procedure, which the trial court dismissed for want of subject matter jurisdiction.

8

and conceded that "there is no indication that [Bartholomew] specifically planned the outcome or the violence upon the victim." Nevertheless, "as the instigator of the offense he must be held accountable for the eventual outcome," which resulted in a woman being slashed twice in the throat and chest with such severity that she lost eight pints of blood and nearly died. The Commission also noted that parole was denied for one of Bartholomew's co-defendants, and is not available to the other co-defendant--the co-defendant who confessed to the actual slashing of the victim--who was sentenced both to a life sentence on the federal bank robbery charge and to a 60-year sentence on a related state charge. Further, the Commission specifically considered the transcript of the evidentiary hearing held by the trial court in 1989, in which the court solicited testimony from Bartholomew, his family, the United States and the victim, and ultimately decided to maintain its original recommendation of no parole. Finally, the Commission noted that it was well aware that the district court's recommendation was not binding on its decision. Having considered all of the above factors, the Parole Commission denied Bartholomew parole and recommended that his sentence continue to expiration.

After having been denied parole, on November 21, 1994, Bartholomew filed the motion that forms the basis of the instant appeal. In this "Motion to Vacate Sentence," filed pursuant to Federal Rule of Criminal Procedure 35(a), Bartholomew argues that his sentence was illegal for three primary reasons. First,

Bartholomew argues, the district court violated Federal Rule of Criminal Procedure 11(c) by failing to advise him that it would make a recommendation against parole. Second, he contends that the district court violated the plea agreement by basing its "no parole" recommendation on Bartholomew's involvement in a crime with which he was promised he would not be charged. Finally, in his motion to amend his Rule 35(a) motion, Bartholomew repeats his argument that he was sentenced based on incomplete and incorrect information.

In a judgment entered on January 9, 1994, the district court denied Bartholomew's motion. First, the court stated that, if interpreted as a motion under Rule 35(a), Bartholomew's motion was barred because Bartholomew had already unsuccessfully challenged the legality of his sentence upon direct appeal. Thus, in construing the motion filed pro se with lenience, the court held that Bartholomew's challenge was properly interpreted as a Rule 35(b) motion because Bartholomew was in fact requesting a reduction of his sentence. As a motion under Rule 35(b), however, Bartholomew's action not only was barred by the law of the case, since he had already unsuccessfully moved for reduction of sentence, but it also was untimely, since it was not filed within the 120-day filing period provided by Rule 35(b). The court ultimately dismissed the motion as untimely.

Bartholomew timely filed a notice of appeal, as well as a motion to proceed in forma pauperis on appeal. He then filed a

motion for reconsideration[4] and simultaneously filed a second notice of appeal. On March 28, 1995, the district court granted his motion to proceed in forma pauperis, but denied his motion for reconsideration. On April 13, 1995, Bartholomew filed another notice of appeal of the order denying his Rule 35(a) motion as well as the motion for reconsideration.

For the reasons discussed below, we affirm the district court, and dismiss the case with prejudice.


## II. DISCUSSION

Since he was sentenced 10 years ago, Petitioner Emmet N. Bartholomew, by means of direct appeal, two motions pursuant to Rule 35 of the Federal Rules of Criminal Procedure, one motion pursuant to 18 U.S.C. § 3582(c)(2) and three motions pursuant to 18 U.S.C. § 2255, has stated and restated one singular argument: that he is entitled to parole. Substantively, Bartholomew's present motion differs only cosmetically from the challenges that preceded it. The three arguments he makes here -- namely, that his sentence should be reduced because the district court's recommendation against parole was illegal, was in violation of the plea bargain, and was based on erroneous information -- have already been reviewed and rejected by this Court. These

---

[4] Although Bartholomew filed the motion for reconsideration on December 29, 1994, the judgment dismissing his Rule 35(a) motion was not entered on the docket until January 9, 1995. When Bartholomew refers to the December 19, 1994 denial of his motion, he in reality means the December 19 minute entry denying his motion.

11

arguments, which failed both on direct appeal and in the form of collateral challenges to his sentence, also provide no recourse for Bartholomew when presented in the statutory language of Federal Rule of Criminal Procedure 35(a).

Thus, even though Bartholomew's motion is clearly barred by the well-established doctrine of law of the case, see Paul v. United States, 734 F.2d 1064 (5th Cir. 1987),[5] we will review Bartholomew's motion on the merits in a final attempt to bring this case to conclusion.

**A.    Standard of Review**

Rule 35(a) of the Federal Rules of Criminal Procedure provides that a court may correct an "illegal sentence" at any time, but that a court lacks jurisdiction to "correct a sentence imposed in an illegal manner" after 120 days have passed since the entry of the relevant court order.[6]   Thus, on its face,

---

[5]    We follow our prior decisions as law of the case without reexamination in subsequent appeals unless "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice." North Mississippi Communications v. Jones, 951 F.2d 652, 565 (5th Cir.), cert. denied, 113 S. Ct. 184 (1992).  The doctrine extends to those issues "decided by necessary implication as well as those decided explicitly." Dickinson v. Auto Center Mfg. Co., 731 F.2d 1092, 1098 (5th Cir. 1983).

[6]    The offenses for which Bartholomew was convicted occurred before November 1, 1987.  Rule 35, before amendment by Pub. L. 98-473 on November 1, 1987 provided:

Rule 35. **Correction or reduction of sentence.**
(a) Correction of sentence.  The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

12

Bartholomew's motion is timely only if it challenges his sentence's "legality" rather than the legality of the manner in which the sentence was imposed.  If the facts alleged fail to establish illegality or gross abuse of discretion, the district court was entitled summarily to deny it.  United States v. Hanyard, 762 F.2d 1126, 1228 (5th Cir. 1985).

In this case, even when reading Bartholomew's 35(a) motion as broadly as possible,[7] it fails on its face to state a claim under federal law.  Although Bartholomew's argument is discursive, in summary, he contends that his sentence is "illegal" for three reasons:  first, because the district court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to advise him that it would recommend against parole before accepting his guilty plea; second, because the district court's recommendation against parole violated his plea agreement; and, third, because it was based on incorrect facts. All three contentions lack merit.

**B.    The District Court Did Not Violate Rule 11**

---

(b) Reduction of sentence.  A motion to reduce a sentence may be made, or a court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of mandate issued upon affirmance of the judgment or dismissal of the appeal . . . .

Fed. R. Crim. P. 35(a).

[7]    We construe the briefs and papers of pro se litigants more permissively than those filed by counsel.  Securities and Exch. Comm'n v. AMX, Int'l, Inc., 7 F.3d 71, 75 (5th Cir. 1993).

13

Rule 11--the rule governing the acceptance of guilty pleas--has three "core concerns":  the plea must be voluntary, the accused must understand the nature of the charges against him, and the accused must be aware of the direct consequences of his guilty plea.  United States v. Stumpf, 900 F.2d 842, 844 (5th Cir. 1990).  Prior to mid-1993, we applied a "per se reversible error" rule to mistakes involving complete failures to address one of the core concerns.  See United States v. Johnson, 1 F.3d 296, 300-02 (5th Cir. 1993) (en banc).  Now, however, in determining whether a Rule 11 violation has occurred, in all instances we engage in a two-part "harmless error" analysis: (1) did the sentencing court in fact vary from the requirements of Rule 11, and (2) if so, did the variance affect substantial rights of the defendant?  Fed. R. Crim. P. 11(h); Johnson, 1 F.3d at 302.

In the instant action, Bartholomew--who apparently gained the mistaken impression from his attorney and from others with whom he discussed his case[8] that he would be granted parole after serving a fraction of his sentence--argues that the district court violated Rule 11 because it failed to warn him that it would recommend against parole, and thereby misled him into believing that he would be released on parole.  This contention, however, lacks merit because not only did the trial court have no

_____

    [8]    Bartholomew seems to suggest that he concluded from the fact that parole was available under the maximum sentence attached to the charges to which he pled guilty that parole would therefore be guaranteed.  It goes without saying that there is no basis in law or fact for this belief.

14

obligation under Rule 11 to warn Bartholomew that it would be recommending against parole, but also none of Bartholomew's substantial rights were affected by this failure to warn.

First, the case law of our Circuit makes clear that Rule 11 contains no requirement that a sentencing court warn a defendant that it is going to recommend against parole prior to accepting a guilty plea.  Although Rule 11(c) requires that the district court inform the defendant of "`the mandatory minimum penalty . . . and the maximum possible penalty provided by law,' it is well-settled that the court need not explain `all the consequences that may flow from conviction or from the imposition of sentence.'"  United States v. Garcia, 636 F.2d 122, 123 (5th Cir. 1981) (quoting United States v. Caston, 615 F.2d 1111, 1114 (5th Cir. 1980)).  In a long line of cases, we have held that Rule 11 does not require a district court to inform a defendant that he or she would be ineligible for parole.  Garcia, 636 F.2d at 123; Caston, 615 F.2d at 1114; Johnson v. Dees, 581 F.2d 1166 (5th Cir. 1978); Trujillo v. United States, 377 F.2d 266 (5th Cir.), cert. denied, 389 U.S. 899 (1967).  Having held that a warning of parole ineligibility is not required, it would betray logic to hold that a warning of parole unlikelihood[9] is required.

_____

[9]     This is, of course, assuming that the court's recommendation regarding parole would have a noticeable impact on the ultimate decision regarding an inmate's parole, which is not made by the court, but rather is made by the Parole Commission. In this case, as discussed above, the district court repeatedly emphasized that its recommendation against parole was merely a recommendation.  Further, in ultimately declining to grant Bartholomew parole, the Parole Commission considered a number of factors, only one of which was the recommendation made by the

Further, the Advisory Committee notes to Rule 11 suggest that the rule contains no requirement that the court forewarn the accused of its forthcoming parole recommendation. The notes state that "[i]t has been suggested that it is desirable to inform a defendant of additional consequences which might follow from his plea of guilty." The notes further point out that this Court has held that advice about eligibility for parole is not required. Nowhere do the notes imply that a warning regarding the sentencing court's opinion about parole is necessary; in fact, every indication in the notes points to the contrary.

Not only would requiring this warning be legally untenable, it also would be impossible to enforce. Often, if not always, sentencing judges cannot predict their parole recommendation (as well as the sentence) because they have not had an opportunity to review the sentencing materials, such as the Presentence Report. The Rules of Criminal Procedure could not possibly have demanded such clairvoyance on the part of the sentencing court. Accordingly, we conclude that there is no merit to Bartholomew's contention that a sentencing court has a legal obligation pursuant to Rule 11 of the Federal Rules of Criminal Procedure to warn a criminal defendant, before accepting his or her plea of guilty, that the court intends to recommend against parole.

Finally, the court's failure to warn Bartholomew that it was going to recommend against parole could not have affected Bartholomew's substantial rights. Bartholomew admitted on the

district court.

16

record--and does not contest now--that he was aware that he was exposed to a maximum penalty of life sentence pursuant to his plea of guilty to Count II.  Since he knew he could be potentially sentenced for life, he was warned that he could be sentenced for 30 years without parole.  Therefore, it is clear from the record that Bartholomew's failure to be forewarned by the district judge that the court was going to recommend against parole could not have affected his decision to plead guilty. Johnson, 1 F.3d at 303-04; see also  United States v. Stumpf, 900 F.2d 842, 844 (5th Cir. 1990) (affirming a sentence where the district judge had failed to warn the accused that restitution might be imposed, when the defendant was on notice that he may be charged a fine).

Since the district court's failure to warn Bartholomew about its intention to recommend against parole neither violated Rule 11 nor affected Bartholomew's substantial rights, Bartholomew's Rule 11 argument must be rejected on its merits.

**C.    The District Court Did Not Violate the Plea Agreement**

Bartholomew next contends that his sentence is "illegal" pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure because the trial court "breached" the plea agreement.  He maintains that the plea agreement precluded the United States government, as well as the State of Louisiana, from both prosecuting him for the attempted murder and also using evidence related to the attempted murder against him in any manner.  Thus, Bartholomew contends, the sentencing court violated the plea

17

agreement when it considered the brutal kidnapping and assault in its decision to recommend against parole.[10]

On its face, this argument lacks merit. The plea agreement plainly provides that the maximum sentence to which Bartholomew was exposed was as long as life imprisonment. The agreement further states that "the defendant also understands that he has not been promised anything with regard to the sentence he may receive." The agreement simply did not contain one reference to parole, so the court could not possibly have violated it by exercising its authority--as we have already confirmed--to recommend against parole.

Moreover, the transcript of the rearraignment colloquy, in addition to the plea agreement, makes clear that although the government agreed not to pursue further charges, the agreement was not binding on the sentencing court. Not only did the district court carefully explain at the hearing that it was not bound by the agreement, but also, Bartholomew stated in court that he did not believe that any other agreements existed regarding his plea. Finally, the district court repeated numerous times in court as well as in its written opinions that

---

[10] Bartholomew also appears to argue that the "government" violated the plea agreement when it "charged" him with a "prohibited consideration"--in particular, the nature of kidnapping and battery associated with the bank robbery--and therefore denied him parole release. In sum, Bartholomew is arguing that neither the sentencing court nor the parole commission are entitled to consider the assault waged on the victim of the kidnapping in determining the length of his imprisonment.

18

its recommendation was not binding on the Parole Commission--an evaluation that we upheld on appeal.

Accordingly, it is manifestly clear that the district court did not violate the plea agreement, and Bartholomew's second 35(a) claim is meritless.

### D. The Sentence Is Not Illegally Based on Incomplete Evidence

Finally, Bartholomew repeats his argument, already raised in his numerous other filings, that the sentence is invalid because it was based on an improper determination of his culpability in the crime.[11]  Although Bartholomew claims that this issue did not become ripe until the Parole Commission actually denied him release on parole, because it was only at that time that the "practical effects" of the court's recommendation against parole were actually felt, the record demonstrates otherwise.  As repeated in detail in the procedural history described above, Bartholomew's disagreements with the court's ability to recommendation against parole have already been reviewed and disposed of both by the trial court and by this Court.  We cannot improve upon the lengthy opinion issued by the trial court disposing of this argument; nor can we disturb the findings made by the trial court in its hearing to reconsider the recommendation against parole.

---

[11]    Bartholomew actually only raises this argument in his motion to amend his motion filed pursuant to Federal Rule of Criminal Procedure 35(a).  Nonetheless, out of an abundance of caution, and in order to give this pro se litigant the benefit of all of his arguments, we will briefly discuss this argument as if it had been raised properly.

Accordingly, Bartholomew's final argument raised pursuant to Federal Rule of Criminal Procedure 35(a) must be rejected on its merits.

### III.    CONCLUSION

Bartholomew is not entitled to have the same issue decided multiple times by the court simply by citing, for purposes of obtaining federal jurisdiction, a different federal statute or rule.  On that basis alone, this action must be dismissed.  As discussed above, Bartholomew's most recent claim is, for all practical purposes, no different from those he has already presented either on direct appeal or by means of collateral attacks to his sentence pursuant to 18 U.S.C. § 2255--all of which were soundly rejected by the district court, this Court, or both.  Whether interpreted as a motion pursuant to Rule 35(a), 35(b) or 18 U.S.C. § 2255, Bartholomew has not overcome the procedural barriers to filing his most recent request for collateral relief.[12]

---

[12]    As mentioned above, the district court recharacterized Bartholomew's motion as one filed under Federal Rule of Criminal Procedure 35(b) and dismissed it as untimely.  When recast in this manner, the motion, as the district court correctly held, was untimely. United States v. Sarduy, 838 F.2d 1226, 1228 (5th Cir. 1985).  Nonetheless, we need not decide if the district court erred in its recharacterization of the motion because there are more than ample grounds to affirm the dismissal under both subsections of Rule 35. Cf. Stumpf, 900 F.2d at 844.

Further, if we recharacterize Bartholomew's instant motion as a collateral post-conviction challenge to his sentence pursuant to 18 U.S.C. § 2255, which may be filed at any time, it still must be dismissed.  A petitioner may not raise an issue for the first time on collateral review unless he shows both cause for his procedural default and actual prejudice resulting

Thus, for all of the reasons described above, the decision of the district court is AFFIRMED and Bartholomew's motion is dismissed with prejudice.

AFFIRMED.

---

from the error.  <u>United States v. Shaid</u>, 937 F.2d 228, 232 (5th Cir. 1991) (en banc), <u>cert. denied</u>, 112 S. Ct. 978 (1992).  If the error is not of constitutional or jurisdictional magnitude, the petitioner must show that he could not have raised the error on direct appeal and that the error would result in a complete miscarriage of justice if left uncorrected.  <u>Id.</u> at 232 n.7. And, if a petitioner files multiple motions pursuant to 18 U.S.C. § 2255, he or she is required to make similar showings of cause and prejudice when the particular arguments were not stated in the first § 2255 motion.  One of Bartholomew's previous section 2255 motions was, in fact, dismissed on these grounds.  And, once again, Bartholomew shown neither cause nor prejudice to spare the case at bar from dismissal.